## TUSCARAWAS SAVINGS & LOAN CO v JARVIS

Ohio Appeals, 5th Dist, Tuscarawas Co

No 393. Decided Dec 22, 1931

J. A. Buchanan, New Philadelphia, for plaintiff.

C. W. Ferrell, New Philadelphia, for defendant.

LEMERT, J.

The principal contention, as gathered from the record before us, the arguments of counsel and briefs filed herein, is the claim made by the defendants that he is protected by his rights herein by the Statute of Frauds.

We note from the record that the parol contract between plaintiff and defendant in relation to giving a substitute mortgage has been fully and completely performed on plaintiff's part. Plaintiff turned over to defendant the mortgage and notes which it held as collateral security, to enable him to make a settlement with the mortgagors; said act of turning over to him being pursuant to his express promise to give a substitute mortgage in the event the land was reconveyed to him by the Pattons. The oral promise of defendant, made to plaintiff, to give a substitute mortgage in the event Pattons executed a deed to him conveying the land upon which the mortgage against Pattons was held and thereby obtaining an absolute title to the land and thereby obtaining possession of the original mortgage from the plaintiff, conveyed for specific purpose, was the main purpose and object of such oral promise, which was to subserve a pecuniary or business purpose of the defendant, thus involving a benefit to himself. Such promise is not within the Statute of Frauds.

We believe and hold the law to be that where one party to an oral contract has, in reliance thereon, so far performed his part of the agreement that it would be perpetrating a fraud upon him to allow the other party to repudiate the contract and set up the Statute of Frauds in justification therefor, equity will regard the case as being removed from the operation of the Statute and will enforce the contract by decreeing the specific performance.

27 Corpus Juris, §427, page 343.

"Equity seizes upon circumstances of imposition as sufficient to constitute fraud which courts of law deem insufficient. It has been held that fraud in equity includes all acts and omissions which involve a breach of equitable duty, trust and confidence justly reposed."

16 Cyc., 86 and 87.

If representations were made for the purpose of defrauding the plaintiff and he relied upon them and suffered loss thereby, defendant can not invoke the Statute of Frauds to escape liability.

Where there is a verbal agreement for the conveyance of real estate, payment of the consideration will not take the case out of the operation of the Statute of Frauds in the absence of deceit or fraud used to induce the payment.

"A Court of Equity will grant relief in such case, where the oral promise was made as a means of imposition and deceit to procure the consideration. The ground upon which the Court will interfere in such case is that of fraud."

103 Oh St, 230.

In the 33rd Ohio State, page 35, it is held that "fraud against which equity will grant relief, notwithstanding the Statute of Frauds, consists in the refusal to perform an agreement upon the faith of which the plaintiff has been misled, to injury, or the defendant has secured an unconscionable advantage, and not in the mere moral wrong involved in a refusal to perform a contract, which, by reason of the Statute of Frauds, can not be enforced by action."

In the case at bar an examination of the record convinces us that plaintiff was misled to its injury by the defendant obtaining the mortgage and notes from its possession which had been assigned as collateral security for the indebtedness of Alfred R. Jarvis, through the promise of defendant to either return the same or to give a mortgage as substitute therefor, according to the particular position he would be in after the termination of his negotiations with Pattons for a settlement.

The Statute of Frauds was enacted to provide as far as possible against a perpetration of frauds, and Courts of Equity never allow its provisions to be perverted and made instrumental in the accomplishment of fraud. Courts will decree the specific execution of agreements where there has been a performance on one side, because the refusal to perform on the other side is fraud, and Courts will not permit the Statute designed to prevent frauds to be made an instrument of fraud.

This Court, in the case of Penrod vs. Burley, decided March 17, 1928, to be found in Ohio Law Abs, 6 Abs 285, May 12, 1928, had practically this same question before it, involving §8621 of the Statute of Frauds, wherein it was held that where there was a direct promise on the part of one party to pay and there had been a partial performance, and the other party had received a benefit therefrom, and had been misled, equity will not permit the party receiving such benefit to hide behind the Statute

of Frauds.

It therefore follows, from an examination of the whole of the record in this case and the law appertaining thereto, and we find and believe that the non-performance of the agreement made by the defendant amounts to a fraud upon the plaintiff, and that being the case, specific performance should be and the same is hereby decreed the plaintiff, for the reason that it would be inequitable to permit the party who has refused to perform from reaping the benefit of a fraud.

There will therefore be a decree for the plaintiff, as prayed for in plaintiff's Petition.

SHERICK, PJ and MONTGOMERY, J, concur.